Adam F. Sloustcher (SBN 291657)
    E-Mail: asloustcher@fisherphillips.com
Bret Martin (SBN 304658)
    E-Mail: bmartin@fisherphillips.com
FISHER & PHILLIPS LLP
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

Attorneys for Defendants
NOBLE HOUSE HOTELS & RESORTS, L.P.
and NOBLE HOUSE SHELTER POINTE, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA SOTO,<br><br>              Plaintiff,<br><br>v.<br><br>NOBLE HOUSE HOTELS & RESORTS, L.P., a Texas Partnership; NOBLE HOUSE SHELTER POINTE, LLC, a Delaware Limited Liability Company; and DOES 1-10, inclusive,<br><br>              Defendants. | Case No: **'22CV1487 RBM MSB**<br><br>*[Previously San Diego Superior Court Case No. 37-2022-00034592-CU-OE-CTL before the Honorable Richard S. Whitney]*<br><br>**DEFENDANTS' NOTICE OF REMOVAL AND REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>State Complaint Filed: 8/22/2022<br>Trial Date: None Set |

DEFENDANTS' NOTICE OF REMOVAL AND REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

FP 45291706.2

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. sections 1332, 1441, and 1446, Defendants Noble House Hotels & Resorts, L.P. and Noble House Shelter Pointe, LLC (collectively, "Defendants") remove the above-entitled action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California. The foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this Notice of Removal, as more fully set forth below.

## I.   PROCEDURAL HISTORY

1.   On August 22, 2022, Plaintiff PATRICIA SOTO ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of San Diego, entitled, *Patricia Soto v. Noble House Hotels & Resorts, L.P., et al.*, Case No. 37-2022-00034592-CU-OE-CTL (the "Complaint"). A true and correct copy of the Complaint is attached as **Exhibit A** to the Declaration of Bret Martin ("Martin Decl."), ¶ 4.

2.   The Complaint asserts the following causes of action pursuant to Labor Code § 2698 et seq.: (1) meal and rest period violations; (2) minimum wage violations; (3) overtime violations; (4) wage statement violations; (5) failure to reimburse; and (6) failure to pay wages upon separation. *See* Martin Decl., at ¶ 4, Ex. A.

3.   On September 2, 2022, Plaintiff served a copy of the Summons, Complaint, Civil Case Cover Sheet, and the Alternative Dispute Resolution Package on both Defendants. A copy of the Summons to Noble House Hotels & Resorts, L.P. is attached as **Exhibit B**, and a copy of the Summons to Noble House Shelter Pointe, LLC is attached as **Exhibits C**. A copy of the Civil Case Cover

Sheet is attached as **Exhibit D**. A copy of the Alternative Dispute Resolution Package is attached as **Exhibit E**. *See* Martin Decl., at ¶ 4; Declaration of Melissa Garred ("Garred Decl."), ¶ 14.

4. The Complaint (**Exhibit A**), Summons (**Exhibits B and C**), Civil Case Cover Sheet (**Exhibit D**), and the Alternative Dispute Resolution Package (**Exhibit E**), are the only pleadings, process, or orders that have been served upon Defendants or that Defendants are otherwise aware of having been filed in this action. *See* Martin Decl., at ¶¶ 4, Exs. A-E.

## II. REMOVAL IS BASED ON DIVERSITY OF CITIZENSHIP JURISDICTION

5. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. section 1332 because Plaintiff and Defendants are citizens of different states, Defendants are not citizens of California, and the amount in controversy for Plaintiff exceeds $75,000 exclusive of interest and costs. Accordingly, this case may be removed to this Court under 28 U.S.C. sections 1441 and 1446.

### A. Plaintiff Is a Citizen of California

6. To establish citizenship for diversity purposes, a natural person must be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Natural persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Kanter v. Warnter-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir.1994); *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011). An existing domicile is presumed to continue. *Mitchell v. United States*, 88 U.S. 350, 353 (1875) ("[D]omicile, once acquired, is presumed to continue until it is shown to have been changed."); *Mintzis v. Scott*, No. 2:14-CV-01799-CAS, 2014 WL

3818104, at *5 (C.D. Cal. July 30, 2014); *Bank One, Texas, N.A. v. Montle*, 964 F.3d 281, 288 (3d Cir. 2006). It is presumed that a natural person's residence is also his or her domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

7. Here, Plaintiff is a resident of San Diego County, California, and at all times relevant, she resided in the County of San Diego, California. *See* Martin Decl., at ¶ 4, Ex. A, ¶ 1. Accordingly, Plaintiff is domiciled in and a citizen of the State of California.

### B. Defendants Are Citizens of Florida and Washington

8. Noble House Shelter Pointe, LLC is a limited liability company. *See*, Garred Decl., ¶ 3. In determining the citizenship of an LLC, courts look to the citizenship of each member of the company. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("*Johnson*"). Unlike a corporation, an LLC is not a citizen of the state in which it was organized unless one of its members is a citizen of that state. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015).

9. At all relevant times, Noble House Shelter Pointe, LLC was and is a limited liability company with one member – Noble House Hotels & Resorts, Ltd. dba Noble House Hotels & Resorts, L.P. *See* Garred Decl., at ¶ 2.

10. At all relevant times, Noble House Hotels & Resorts, Ltd. dba Noble House Hotels & Resorts, L.P. was and is a Texas limited partnership. *See*, Garred Decl., at ¶ 3. The citizenship of a limited partnership is determined by the citizenship of its partners. *See Johnson,* 437 F.3d at 899; *Colonial Realty Corp. v. Bache & Co.,* 358 F.2d 178 (2nd Cir. 1966), cert. denied. The sole general partner of Noble House Hotels & Resorts, Ltd. is Westgroup Partner, Inc. *See* Garred Decl., at ¶ 4. The sole limited partner of Noble Hotels & Resorts, Ltd. is Noble House Associates, LLC. *See* Garred Decl., at ¶ 4.

///

11. On December 31, 2018, Westgroup Partner, Inc. was converted into Westgroup Partner, LLC. *See* Garred Decl., at ¶ 5. At all relevant times, Westgroup Partner, LLC was a limited liability company with one member – Noble House Associates, LLC. *See* Garred Decl., at ¶ 5.

12. Noble House Associates, LLC is a limited liability company with one manager, the Colee Family Trust, and four members (1) the Colee Family Trust; (2) Westgroup Venture, LLC; (3) Noble House Investors, LLC; and (4) Noble House Associates PSP, LLC. *See* Garred Decl., at ¶ 6. Where a member of a limited liability company is a trust, the trustee's citizenship is determined by the citizenship of the trustee. *Johnson*, 437 F.3d at 899; *see also Demarest v. HSBC Bank USA, N.A. as Tr. for registered holders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-HE2*, 920 F.3d 1223, 1231 (9th Cir. 2019).

(a) *The Colee Family Trust:* The sole trustees and sole beneficiaries of the Colee Family Trust are Patrick R. Colee and Diane F. Colee. *See* Garred Decl., at ¶ 10. Because each trustee of the Colee Family Trust is a natural person, the diversity requirements for natural persons must be satisfied to make removal proper. *Johnson*, 437 F.3d at 899. Patrick R. Colee is a resident of Key West, Florida, where he lived when the Complaint was filed and intends to remain indefinitely. *See* Garred Decl., at ¶ 9; Declaration of Patrick Colee ("P. Colee Decl."), ¶ 2-4. Patrick R. Colee is accordingly domiciled in and a citizen of the State of Florida. Diane F. Colee is a resident of Key West, Florida, where she lived when the Complaint was filed and intends to remain indefinitely. *See* Garred Decl., at ¶ 10; Declaration of Diane Colee ("D. Colee Decl."), ¶ 2-4. Diane F. Colee is accordingly domiciled in and a citizen of the State of Florida.

(b) *Westgroup Venture, LLC*: The members of Westgroup Venture, LLC are the Colee Family Trust, the James P. Colee 2012 Family Trust, and the Scott C. Colee 2012 Family Trust. Garred Decl., at ¶ 7. As discussed above, both trustees and beneficiaries of the Colee Family Trust are citizens of the State of

Florida. The sole trustee and sole beneficiary of the James P. Colee Family Trust is James P. Colee. Garred Decl., at ¶ 11. James P. Colee is a resident of Seattle, Washington, where he lived when the Complaint was filed and intends to remain indefinitely. *See* Garred Decl., at ¶ 11; Declaration of James Colee ("J. Colee Decl."), ¶ 2-4. James P. Colee is accordingly domiciled in and a citizen of the State of Washington. The sole trustee and sole beneficiary of the Scott C. Colee 2012 Family Trust is Scott C. Colee. Garred Decl., at ¶ 12. Scott C. Colee is a resident of Seattle, Washington, where he lived when the Complaint was filed and intends to remain indefinitely. *See* Garred Decl., at ¶ 12; Declaration of Scott Colee ("S. Colee Decl."), ¶ 2-4. Scott C. Colee is accordingly domiciled in and a citizen of the State of Washington.

(c)   *Noble House Investors, LLC*: The members of Noble House Investors, LLC are the Colee Family Trust, the James P. Colee 2012 Family Trust, and the Scott C. Colee 2012 Family Trust. Garred Decl., at ¶ 8. As discussed above, all trustees and beneficiaries of the Colee Family Trust are citizens of the State of Florida. All the trustees and beneficiaries of the James P. Colee Family Trust and the Scott C. Colee Family Trust are citizens of the State of Washington.

(d)   *Noble House Associates PSP, LLC*: The only member of Noble House Associates PSP, LLC is Noble House PSP Manager, LLC and its sole member is Noble House Associates, LLC. Garred Decl., at ¶ 9. The citizenship of Noble House Associates, LLC is discussed above.

13.   Accordingly, Defendants are citizens of Florida and Washington.[1] *Mondragon*, 736 F.3d at 886 (residence is *prima facie* evidence of domicile);

///

---

[1] The Complaint also names Defendants DOES 1-50 ("DOE Defendants"). Pursuant to 28 U.S.C. § 1441(a), the citizenship of DOE Defendants is disregarded. *See Newcombe v. Adolf Coors Co.*, 157 686, 690-691 (9th Cir. 1998). Thus, this Notice of Removal does not discuss the citizenship of the alleged DOE Defendants.

*Mitchell*, 88 U.S. at 353 ("[D]omicile, once acquired, is presumed to continue until it is shown to have been changed.").

14. Because Plaintiff is a California citizen and Defendants are citizens of Florida and Washington, complete diversity of citizenship exists in this matter.

### C. The Amount in Controversy Exceeds $75,000

15. The Court has diversity jurisdiction over an action in which the parties are not citizens of the same state and "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a).

16. Plaintiff's Complaint does not identify the amount in controversy in the action, although this action was filed as an unlimited civil action which indicates that the amount in controversy exceeds $25,000. *See* Exs. A and D.

17. In assessing the amount in controversy for diversity jurisdiction purposes, "a court must assume that the allegations in the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *See Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal 2010) (internal citations omitted). This includes any possible award of attorneys' fees. *See Lowdermilk v. U.S. Bank Nat'l Ass'n.*, 479 F.3d 994, 1000 (9th Cir. 2007) (internal citations omitted); *Hernandez v. Towne Park, Ltd.*, No. CV 12-02972 MMM (JCGx), 2012 WL 2373372 (C.D. Cal. June 22, 2012).

18. The status of the parties' citizenship and the amount in controversy can be determined from the complaint or from other sources. *See Kanter v. Warner-Lambert Co.* 265 F.3d 853, 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the facts of the complaint.").

19. In determining whether a complaint meets the $75,000.00 threshold detailed in 28 U.S.C. section 1332(a), a court may consider the aggregate value of claims for compensatory and punitive damages. *See*, *e.g.*, *Bell v. Preferred Life*

*Society*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) ("In an amount in controversy inquiry for diversity purposes, punitive damages, where authorized, are counted toward the requirement"). In other words, the ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what the amount of a defendant's liability (if any) will ultimately be.

20. Defendants adamantly deny Plaintiff's allegations, deny any liability, and deny Plaintiff has suffered any damages or is entitled to penalties on behalf of herself or other "aggrieved employees." Nevertheless, in assessing the amount in controversy for diversity jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Roth v. Comerica Bank*, 799 F.Supp.2d 1107, 1117 (C.D. Cal. 2010); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). This includes any possible award of attorneys' fees through trial where, as here, a statute at issue awards attorneys' fees to the prevailing party. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles [Plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy. Therefore, the district court's conclusion that, as a matter of law, the amount in controversy included only the $150,000 in attorneys' fees incurred up to the time of removal and could not include any future fees, was incorrect."). The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." See *Cain v. Hartford Life & Acc. Ins.*, 890 F.Supp.2d 1246, 1249 (C.D. Cal. 2012). Further, "a defendant's notice of removal need include only a plausible allegation that the

amount in controversy exceeds the jurisdictional threshold," and does not require evidentiary submissions. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 550-51 (2014); see also *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

21.  In the instant case, Plaintiff alleges six causes of action seeking penalties, attorney's fees, and other relief on behalf of what she alleges is approximately 1,000 aggrieved employees. Martin Decl., at ¶ 4, Ex. A, ¶¶ 12-13, 32-34, 38-40, 45-47, 52-54, 58-60, and 64-66, Prayer for Relief ¶¶ 1-3. Although Defendants deny Plaintiff's claims of wrongdoing and her unspecified requests for relief thereon, the facial allegations in the Complaint and total amount of penalties and attorney's fees place the amount in controversy well beyond the $75,000 jurisdictional minimum.

22.  Plaintiff seeks to recover an unspecified amount in attorneys' fees. Martin Decl., at ¶ 4, Ex. A, ¶¶ 34, 40, 47, 54, 60, 66, and Prayer for Relief ¶ 2. Plaintiff's statutory claims for recovery of attorney's fees provides further support that the amount in controversy requirement is met since "[w]hen attorney fees are added into the equation," the conclusion that more than $75,000 is in controversy "becomes irresistible." *Parker-Williams*, 53 F.Supp.3d at 153. This conclusion is only further supported by the fact that in the Ninth Circuit, district courts have the discretion to calculate fee awards using either the lodestar method or the "percentage-of-the-fund" method. *Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002) (citations omitted). As such, even where "the Court lacks the information required to calculate [attorneys'] fees, it is difficult to believe that the amount in controversy [] could be lower than $75,000 when the [attorneys'] fees are factored in along with" other available damages. *Parker-Williams*, 53 F.Supp.3d at 152. Simply put, it is likely that Plaintiff's attorneys' fees, alone, will exceed $75,000 on their own through trial of this matter. For this reason, Plaintiff's Complaint satisfies the amount in controversy requirement.

When added to Plaintiff's alleged individual recovery, it is a near certainty that her claims satisfy the amount in controversy.

23. Furthermore, Courts have found that unless Plaintiff is expressly limiting her recovery to less than $75,000, inclusive of attorney's fees and costs, and thus judicially estopping herself from recovering anything greater, such a statement is unpersuasive in this context. *See*, *e.g.*, *Rico v. Wirepath Home Systems, LLC*, No. 8:19-cv-01921-JLS-KES 2019 U.S. Dist. LEXIS 212950, at *4-5 (C.D. Cal. Dec. 10, 2019) (holding amount in controversy falls below the jurisdictional threshold when the "Complaint expressly limit[ed] [the plaintiff's recover to $74,999" and the plaintiff reaffirmed the "recovery cap" remand in his papers, which the Court found "taken together" would "'judicially estop[] [him] from arguing for more than $75,000 in damages.'" (citation omitted.); *Martinez v. Epic Gam es.*, No.: CV 19-10878-CJC (PJWx), 2020 U.S. Dist. LEXIS 424469, *7-8 (C.D. Cal. Mar. 20, 2020) (holding amount in controversy falls below the jurisdictional threshold when plaintiff's complaint repeatedly stated that Plaintiff "expressly limits the total amount of recovery, including statutory damages, attorneys' fees and costs, and cost of injunctive relief not exceed $74,999" and also holding Plaintiff is "estopped from seeking higher damages.")

24. Absent a stipulation from Plaintiff's counsel that Plaintiff and the "aggrieved employees" in this action will not seek damages exceeding $74,999.00, including, but not limited to, all damages and penalties, attorneys' fees and/or any other form of recoverable fee, removal here is proper.

25. Thus, the matter in controversy here exceeds the sum or value of $75,000.00, exclusive of interests and costs.

### III.   TIMELINESS OF REMOVAL

26. A defendant in a civil action has 30 days from the date it can ascertain that the case is removeable to remove the action to federal court. 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by

the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"). This requires either "simultaneous service of the summons and complaint, or receipt of the complaint ... after and apart from service of the summons, but not ... mere receipt of the complaint unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 347–48 (1999).

27. Here, service on Defendants was complete on September 2, 2022. Removal is timely because Defendants file this removal within 30 days of service.

In addition, this Notice of Removal has been filed within one year of commencement of the action in state court as required by 28 U.S.C. §1446(b). Therefore, this Notice of Removal has been timely filed.

### IV. NOTICE TO THE COURT AND PARTIES

Promptly upon filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record and a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of San Diego, California.

### V. CONCLUSION

28. Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendants respectfully request that this Court exercise its removal jurisdiction over this action. Furthermore, the aggregate amount in controversy in Plaintiff's PAGA claims exceeds $75,000, exclusive of interest and costs, such that removal is also proper.

/ / /

/ / /

/ / /

/ / /

10
DEFENDANTS' NOTICE OF REMOVAL AND REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

FP 45291706.2

30. Accordingly, Defendants remove the above-entitled action to this Court. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendants request that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the basis for this removal.

Dated: September 30, 2022               Respectfully submitted,

**FISHER & PHILLIPS LLP**

By:   /s/ Bret Martin
      Adam F. Sloustcher
      Bret Martin
      Attorneys for Defendants
      NOBLE HOUSE HOTELS &
      RESORTS, L.P. and NOBLE HOUSE
      SHELTER POINTE, LLC

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On September 30, 2022 I served the foregoing document entitled **DEFENDANTS' NOTICE OF REMOVAL AND REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Eric K. Yaeckel (SBN 274608)<br>Ryan T. Kuhn (SBN 324538)<br>**SULLIVAN & YAECKEL LAW GROUP, APC**<br>San Diego, California 92101 | *Attorneys for Plaintiff*<br>Telephone: (619) 702-6760<br>Facsimile: (619) 702-6761<br>E-Mail:<br>yaeckel@sullivanlawgroup.com<br>ryan@sullivanlawgroup.com |

☐ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed September 30, 2022 at San Diego, California.

Neil Livengood                                  By: _____
Print Name                                                              Signature